```
                     IN THE UNITED STATES DISTRICT COURT

                           FOR THE DISTRICT OF OREGON


SALLY HODGSON,                        )
                                      )
             Plaintiff,               )   Case No. CV05-1099-HU
                                      )
      vs.                             )
                                      )
JO ANNE B. BARNHART,                  )
COMMISSIONER, SOCIAL SECURITY         )       FINDINGS AND
ADMINISTRATION,                       )       RECOMMENDATION
                                      )
             Defendant.               )
                                      )
```

Rory Linerud
PO Box 1105
Salem, Oregon 97308
     Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204


1    - FINDINGS AND RECOMMENDATION

L. Jamala Edwards
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
      Attorneys for defendant

HUBEL, Magistrate Judge:

   Claimant Sally Hodgson brought this action under § 405(g) of the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner), denying her request for Disability Insurance benefits (DIB) under Title II of the Act.

## Procedural Background

   Ms. Hodgson filed an application for benefits on February 19, 2001, alleging disability since November 14, 2000, as a result of epilepsy, dizziness and blackouts. Her application was denied initially and on reconsideration. A hearing was held on August 19, 2002, before Administrative Law Judge (ALJ) Thomas Tielens. On September 4, 2002, ALJ Tielens issued a decision finding that Ms. Hodgson could return to her past relevant work as an administrative clerk and office clerk, and was therefore not disabled. The Appeals Council denied Ms. Hodgson's request for review, making the ALJ's decision the final decision of the Commissioner.

///

2   - FINDINGS AND RECOMMENDATION

Ms. Hodgson brought an action for judicial review of the Commissioner's decision. On April 7, 2004, Magistrate Judge Stewart of this court filed an Opinion and Order upholding the ALJ's decision in all respects except for his finding that Ms. Hodgson did not have an anxiety disorder. Judge Stewart noted the ambiguity in the ALJ's finding that although Ms. Hodgson had a history of anxiety disorder and prescriptions suggestive of treatment for anxiety disorder, there was no current diagnosis of anxiety disorder. Judge Stewart ordered the Commissioner on remand to

> further develop the record in order to determine whether Hodgson's impairments include a diagnosable anxiety disorder, including through the use of a consultive examination if necessary. If so, then the ALJ should determine whether that impairment is severe. If Hodgson does have a severe anxiety disorder, then the ALJ should appropriately consider this impairment in a new RFC determination and in his decisions at steps four and five.

Tr. 256.

After remand, a second administrative hearing was held, on March 10, 2005, before ALJ Timothy Terrill. Ms. Hodgson's counsel appeared at the hearing and stated on the record that Ms. Hodgson had been working since March 2003, and that she was seeking only a closed period of disability, with an "on-the-record" decision. Tr. 281. On April 26, 2005, ALJ Terrill issued a second decision finding Ms. Hodgson not disabled.

///

3 - FINDINGS AND RECOMMENDATION

**Factual Background**

Born in 1966, Ms. Hodgson was 38 years old at the time of the ALJ's second decision. She completed high school and attended business college for one year. Her past relevant work is as an administrative clerk, general office clerk, and flagger. Ms. Hodgson is presently employed, and seeks a closed period of disability benefits from November 2000 through March 2003.

**Discussion**

Although the ALJ was directed on remand to develop the record by use of a consultive examination if necessary, and make a finding on the existence of anxiety disorder, Ms. Hodgson's counsel and the ALJ agreed at the March 10, 2005 hearing that the determination would be made "on the record." Ms. Hodgson's counsel was asked at the March 10, 2005 hearing whether Ms. Hodgson wished to add to the record, and he stated that any additional records were "beyond that period of time," i.e., the closed period ending in March 2003. Tr. 282.

ALJ Terrill did nothing to develop the record further. ALJ Terrill's findings with respect to Ms. Hodgson's anxiety disorder are as follows:

> The records have also noted the claimant appears to also suffer from anxiety and panic attacks and was actually prescribed medications for such. However, the totality of the records supports a finding that the claimant only has anxiety and panic attacks when she is having a seizure. Therefore, such is more symptomatic of seizures than a separate impairment.

4   - FINDINGS AND RECOMMENDATION

> However, all of the claimant's symptoms resulting from her seizure disorder, including any anxiety and panic attacks have been taken into consideration when formulating the residual functional capacity.

Tr. 231. The ALJ went on to state, "The claimant has also been treated for a reported history of anxiety with medication, Luvox. However, as explained above, the record reveals her anxiety only occurs when she is having a seizure and thus is not a separate medically determinable severe impairment." Id.

The ALJ's specific findings were that 1) Ms. Hodgson was insured for benefits through the date of the decision; 2) Ms. Hodgson had not engaged in substantial gainful activity during the closed period under adjudication; 3) Ms. Hodgson had returned to substantial gainful activity as of March 2003 and continued to engage in such activity; 4) Ms. Hodgson had a seizure disorder that was a severe impairment; 5) the seizure disorder did not meet or medically equal one of the listed impairments; 6) Ms. Hodgson's allegations about her limitations were not totally credible, for reasons set forth in the body of the decision; 7) Ms. Hodgson had the residual functional capacity for a modified range of light exertion; and 8) Ms. Hodgson's impairment did not prevent her from performing her past relevant work. Tr. 234.

These findings are essentially the same as those made by ALJ Tielens, cf. tr. 242-43, and upheld by Judge Stewart in her Opinion and Order of April 7, 2004.

5   - FINDINGS AND RECOMMENDATION

The issue for which Judge Stewart remanded this case to the Commissioner--whether Ms. Hodgson had a diagnosable anxiety disorder in addition to her seizure disorder--remains unaddressed by the Commissioner.

In her briefs, Ms. Hodgson asserts that the ALJ ignored Judge Stewart's instructions, failing to employ a consultative examination and securing no additional medical opinions on the anxiety disorder. However, the record makes it clear that Ms. Hodgson, through her counsel Mr. Linerud, requested an "on the record decision" at the second hearing on March 10, 2005, and declined to submit any additional records. Tr. 281-82. Further, a consultative examination in 2005 would seem to be obviated by Ms. Hodgson's statement on the record that she was seeking benefits for a closed period ending in March 2003.

The Commissioner asserts in her briefs that "[a]s ordered by this court, the ALJ carefully scrutinized the record to determine that Plaintiff's anxiety disorder was not a severe impairment." I disagree. The only discussion of the evidence as it relates to the anxiety disorder is a reference to the neurological consultation performed by Dr. Redshaw in December 2000, where Dr. Redshaw "recommended that she also continue to take Luvox to manage anxiety." Tr. 230. Other than that single reference, the ALJ's finding that Ms. Hodgson's anxiety disorder is not a separate medically determinable severe impairment is

6  - FINDINGS AND RECOMMENDATION

based on generalized statements such as "the record reveals her anxiety only occurs when she is having a seizure," and "the totality of the records supports a finding that the claimant only has anxiety and panic attacks when she is having a seizure." Such general statements are not sufficient to support the ALJ's determination. See, e.g., Holohan v. Massinari, 246 F.3d 1195, 1208 (9th Cir. 2001); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Because the Commissioner has not followed the mandate of the court, as expressed in Judge Stewart's Opinion and Order of April 7, 2004, I recommend that this case be remanded to the Commissioner yet again for development of the record and a decision limited to the issue of whether, during the period for which she alleges disability, Ms. Hodgson suffered from anxiety disorder as a separate, diagnosed impairment and, if so, whether it constituted a severe impairment. If the Commissioner finds that anxiety disorder constituted a severe impairment, the Commissioner is directed to make specific findings on Ms. Hodgson's residual functional capacity based on the existence of that severe impairment. Ignoring this court's order a second time should preclude the Commissioner from disputing Ms. Hodgson's closed period disability claim. If the Commissioner fails yet again to develop this aspect of the record, the anxiety disorder should be presumed to be present, severe, and disabling for the

7   - FINDINGS AND RECOMMENDATION

closed period of disability.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 6, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due June 20, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 22nd day of May, 2006.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

8   - FINDINGS AND RECOMMENDATION