IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SALLY HODGSON,

        Plaintiff,

   v.

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Civil No. 05-1099-HU

ORDER

MARSH, Judge.

    Magistrate Judge Dennis James Hubel filed his Findings and Recommendation on May 23, 2006.  The matter is now before me.  See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ P. 72(b).  No objections have been timely filed.  This relieves me of my obligation to give the factual findings de novo review.  See §636(b)(1)(C); Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174-5 (9th Cir. 1996).  Having reviewed the legal principles de novo, I find no error.

    Accordingly, I ADOPT Magistrate Judge Hubel's Findings and Recommendation #13.  This case is remanded to the Commissioner again for development of the record and a decision limited to the issue of whether, during the period for which she alleges disability, Ms.

1 - ORDER

Hodgson suffered from anxiety disorder as a separate, diagnosed impairment and, if so, whether it constituted a severe impairment. If the Commissioner finds that anxiety disorder constituted a severe impairment, the Commissioner is directed to make specific findings on Ms. Hodgson's residual functional capacity based on the existence of that severe impairment. Ignoring this court's order a second time should preclude the Commissioner from disputing Ms. Hodgson's closed period disability claim. If the Commissioner fails yet again to develop this aspect of the record, the anxiety disorder should be presumed to be present, severe, and disabling for the closed period of disability.

IT IS SO ORDERED.

DATED this  21   day of June, 2006.

                          /s/  Malcolm F. Marsh
                          Malcolm F. Marsh
                          United States District Judge

Hodgson suffered from anxiety disorder as a separate, diagnosed impairment and, if so, whether it constituted a severe impairment. If the Commissioner finds that anxiety disorder constituted a severe impairment, the Commissioner is directed to make specific findings on Ms. Hodgson's residual functional capacity based on the existence of that severe impairment. Ignoring this court's order a second time should preclude the Commissioner from disputing Ms. Hodgson's closed period disability claim. If the Commissioner fails yet again to develop this aspect of the record, the anxiety disorder should be presumed to be present, severe, and disabling for the closed period of disability.

    IT IS SO ORDERED.

    DATED this  21   day of June, 2006.

                          /s/  Malcolm F. Marsh
                          Malcolm F. Marsh
                          United States District Judge